J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Nicole L. Drey (SBN 250235)
*nicole@coombspc.com*
J. Andrew Coombs, A P.C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiffs Twentieth Century Fox Film Corporation and Warner Bros. Entertainment Inc.

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Twentieth Century Fox Film Corporation and Warner Bros. Entertainment Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Crystal Brooks a/k/a Crystal Miller, an individual and d/b/a www.classictv4u.com, and Does 1 through 10, inclusive, <br><br> Defendants. | Case No. CV11-3995 AHM (SSx) <br><br> JUDGMENT PURSUANT TO ENTRY OF DEFAULT |

  This cause having come before this Court on the motion of Plaintiffs Twentieth Century Fox Film Corporation and Warner Bros. Entertainment Inc. (collectively "Plaintiffs") for entry of default judgment and permanent injunction ("Motion") against Defendant Crystal Brooks a/k/a Crystal Miller, an individual and d/b/a www.classictv4u.com ("Defendant");

  AND, the Court having read and considered the pleadings, declarations and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiffs' Motion;

AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the following facts:

Plaintiffs are the owners of all rights in and to certain copyright registrations, including, but not limited to, the copyrights which are the subject of the registrations attached hereto as Exhibit A (collectively the "Plaintiffs' Copyrights").

Plaintiffs have complied in all respects with the laws governing copyrights and secured the exclusive rights and privileges in and to the Plaintiffs' Copyrights.

The appearance and other qualities of the Plaintiffs' Copyrights are distinctive and original.

Defendant engages in the unauthorized business of importing, distributing, promoting, selling and/or offering for sale unauthorized pirated Digital Versatile Discs ("DVDs") of Plaintiffs' motion pictures featuring the Plaintiffs' Copyrights ("Unauthorized Media Product").

Defendant's importing, advertising, displaying, promoting, marketing, distributing, providing, offering for sale and selling of the Unauthorized Media Product was engaged in willfully and intentionally, without leave or license from Plaintiffs, in violation of Plaintiffs' rights in and to the Plaintiffs' Copyrights. The devices, emblems, and artwork on the Unauthorized Media Product are not just "confusingly similar" to the Plaintiffs' Copyrights, they are identical.

The Court specifically finds that Plaintiffs are the prevailing party for purposes of an award of reasonable attorneys' fees. Plaintiffs have instituted this action for an entirely proper and appropriate purpose, solely to vindicate and enforce compliance with its rights which have been knowingly and willfully infringed by Defendant and to recover for infringement of such rights. Plaintiffs' action was not brought frivolously.

In contrast, Defendant's infringing conduct is a clear and unmistakable violation of Plaintiff's rights. Defendant's conduct has been patently unreasonable and egregious, violating Plaintiffs' rights by appropriating and featuring the Plaintiffs'

Copyrights on media products, when Defendant intended, or knew or should have known, that such infringing activity would likely injure Plaintiffs' name and reputation, requiring Plaintiffs to institute and prosecute this action, and incur fees and costs in so doing, in order to attempt to obtain Defendant's recognition and compliance with Plaintiffs' rights.  Considerations of appropriate compensation and adequate deterrence also militate in favor of granting Plaintiffs an award of attorneys' fees, pursuant to 17 U.S.C. § 505.

The liability of the Defendant in the above-referenced action for her acts in violation of Plaintiffs' rights is knowing and willful, and as such, the Court expressly finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein.

Therefore, based upon the foregoing facts, and

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Judgment shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. §§ 101 *et seq*., 28 U.S.C. §§ 1331 and 1338.

2) Service of process was properly made on the Defendant.

3) Defendant has distributed, sold, and offered for sale unauthorized copies of Plaintiff's motion pictures which infringe upon the Plaintiffs' Copyrights.

4) Defendant and her agents, servants, employees and all persons in active concert and participation with her who receive actual notice of the injunction are hereby restrained and enjoined from:

    a) Infringing the Plaintiffs' Copyrights, either directly or contributorily, by manufacturing, reproducing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of the Plaintiffs' Copyrights, and, specifically:

i) Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale the Unauthorized Media Product or any other unauthorized products which picture, reproduce or copy any of the Plaintiffs' Copyrights;

b) Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to the Plaintiffs' Copyrights;

c) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant herself are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are affiliated with Plaintiffs;

d) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs.

5) Defendant is ordered to pay damages to Plaintiffs pursuant to 17 U.S.C. § 504 in the sum of One Million One Hundred Sixty-Five Thousand Dollars ($1,165,000.00).

6) Defendant is ordered to pay Plaintiffs' attorneys' fees and costs in the amount of Twenty-Six Thousand Nine Hundred Dollars ($26,900.00).

7) Defendant is ordered to pay interest on the principal amount of the judgment to Plaintiffs at a statutory rate pursuant to 28 U.S.C. § 1961(a).

8) This Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

9)   The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Judgment against Defendant.

10)   The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

DATED:   January 09, 2012

_____
Hon. A. Howard Matz
Judge, United States District Court,
Central District of California

JS-6